## James Lane v. The State.

CREDIBILITY OF WITNESSES. — This court declines to set aside a conviction because the jury disbelieved improbable and uncorroborated testimony, though it was not directly contradicted, nor the witness impeached.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The indictment was for theft of a bay stallion, on June 26, 1878.

The State adduced full proof of the theft, and that it was committed in San Antonio, in the night of June 26, 1878, at a later hour than ten o'clock. That same night, as further shown by the State's evidence, the defendant brought the stallion to a place a few miles distant, where, the next day, he was arrested, and the stallion recovered for the owner.

Martin Joice, the only witness for the defence, testified that he resided in San Antonio on the 26th of June, 1878, and that, in the night of that day, as he was going to his home, he saw the defendant standing on the sidewalk, and talking to a man whom witness did not know. Witness saw the defendant buy the horse and pay the man $10 in silver. Defendant had some paper money in his hands, but witness did not see him pay any of it to the man. No bill of sale was made of the horse. It was dark, and in the night. Witness did not know or hear the man's

name ; the man did not mention his name, nor did the defendant ask it. The horse was a bay. Defendant mounted him, and went towards the Menger Hotel, and witness saw him no more that night. Witness could not say it was customary for people to buy horses in the night.

This concluded the evidence in the case. The jury found the defendant guilty, and allotted him five years in the penitentiary. Defendant moved for a new trial, on the ground that the verdict was contrary to the law and the evidence ; and, his motion being overruled, he appeals.

*Henry C. Barrow*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, and *W. B. Dunham*, for the State.

WHITE, J. In this case, the appeal is taken from a judgment of conviction for theft of a stallion, wherein the punishment was affixed at five years' confinement in the penitentiary.

No complaint is made of any of the proceedings had on the trial, except the action of the court in overruling the motion for a new trial, which motion was based upon the ground that the verdict is contrary to the law and the evidence.

As to the law, it is fully and appropriately set out in the charge of the court, and no additional instructions were asked for the defendant. It is contended that the evidence is not sufficient. As disclosed in the record before us, we think the jury were fully warranted in the conclusion of the defendant's guilt. It is true, he attempted to prove by one Martin Joice that he had bought the stallion, on the night on which the same was stolen, from a man the witness did not know, and whom he (witness) could not describe. If the jury could have believed this witness Joice's testimony, as incredible and improbable as it appears, doubtless

they would have acquitted the defendant. But it seems the jury did not believe his tale, and in discrediting and disbelieving it, we cannot see that they erred. They saw the witnesses and heard them testify, and the court charged them that if they " believed from the evidence that the defendant purchased the stallion charged to have been stolen, they should acquit him." We see no error, and the judgment is affirmed.

*Affirmed.*